UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>BK and SK</u>

    v.                                Civil No. 09-cv-94-JL

<u>New Hampshire Department
of Health and Human
Services <i>et al.</i></u>

**<u>SUMMARY ORDER</u>**

    This case raises the potentially important issue of whether state authorities violate the free exercise rights of children, or their parents, under the First Amendment by placing the children with foster families who subject them to practices abhorrent to their faiths.  In this case, the plaintiffs are Hindi who allege that the foster families fed the children beef and took them to Christian religious services.  That issue has yet to be presented for decision, however, even though the case has been pending for nearly two years (not counting a year that it was stayed at the plaintiffs' behest) and there has been substantial motion practice.

    First, the defendants, who include the New Hampshire Department of Health and Human Services ("HHS"), its Division for Children, Youth and Families ("DCYF"), one of its district offices, and a number of their employees, moved to dismiss the plaintiffs' First Amendment claim because they "alleged no

statutory vehicle for redress of it"--in other words, they neglected to cite 42 U.S.C. § 1983.  That motion was denied because, while the plaintiffs did not need to cite the specific statutory provision to state a claim for relief, they did just that in their amended complaint anyway.  BK v. N.H. Dep't of Health & Human Servs., 2011 DNH 157, 8-10.  Now, the defendants have filed what amounts to a partial motion for judgment on the pleadings on the plaintiffs' First Amendment claim, arguing that it seeks only monetary damages, but the defendants--insofar as they include state agencies, or state employees sued in their official capacities--are immune from that relief here by virtue of the Eleventh Amendment.

That argument is correct.  "[I]t is settled beyond peradventure . . . that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action."  Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); see also, e.g., Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009).  The plaintiffs' objection to the motion for judgment on the pleadings misses this point entirely, arguing, among other things, that (1) their First Amendment rights were indeed violated, even if for only brief periods of time, (2) they are entitled to monetary relief as a

result, (3) the defendants are not entitled to a defense of qualified immunity, and (4) certain defendants are subject to supervisory liability.  None of that has anything to do with Eleventh Amendment immunity.  That immunity, as just noted, bars the plaintiffs' claims for money damages--which, again, is the only relief the plaintiffs have sought--against the state agencies and state employees, insofar as they have been named in their official capacities.

But the plaintiffs have also named each of the state employees in his or her individual capacities.  As the defendants acknowledge, the Eleventh Amendment has no effect on those claims.  See, e.g., Alden v. Maine, 527 U.S. 706, 757 (1999) ("a suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself").  Indeed, the defendants have not even sought judgment on the pleadings as to those claims.  So the upshot of their motion is that they obtain judgment on the claims against the state agencies, as well as the claims against the state employees in their official capacities--but the plaintiffs' claims against the state employees in their individual capacities remain.

Accordingly, the defendants' motion for judgment on the pleadings (document no. 63) is GRANTED, insofar as it seeks

judgment on the plaintiffs' claims against HHS, DCYF, its Claremont District Office, and the individual defendants in their official capacities. Furthermore, all claims by or on behalf of one of the children, "KK," are DISMISSED without prejudice based on the plaintiffs' statement in their objection that she "is no longer a party to the pending action." Accordingly, HHS, DCYF, the Claremont District Office, and KK are TERMINATED as parties in this matter.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 7, 2012

cc: Nancy Sue Tierney, Esq.
    B.K., pro se
    James Spencer Culp, Esq.
    Jeanne P. Herrick, Esq.
    Nancy J. Smith, Esq.