```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

B.K. *et al.*

    v.                                      Civil No. 09-cv-94-JL

Nicholas Toumpas *et al.*


**SUMMARY ORDER**

    B.K., proceeding pro se and pseudonymously, has filed two motions seeking various relief in this case--in which he, his wife, and two of their minor children claim that their First Amendment rights were violated when the children, who are practicing Hindi, were temporarily placed with foster families who served them beef and took them to Christian religious services.  The other plaintiffs, who are represented by counsel, do not join in B.K.'s motions.  Generally, B.K. seeks:  (1) an extension of the discovery deadline, (2) an order directing the defendants, employees of the New Hampshire Department of Health and Human Services and its Division for Children, Youth, and Families, to produce records of the abuse and neglect proceedings that led to the parents' temporarily losing custody of the children, and (3) an investigation into this case, and the underlying proceedings, by the Federal Bureau of Investigation. These requests, and B.K.'s motions, are denied in their entirety.

Under the scheduling order proposed by the parties (apparently without any objection from B.K., at least as to the dates), discovery was to have been completed by May 2, 2012. Document no. 56.  B.K. argues that he needs additional time so that he can propound interrogatories to and take depositions of the defendants with the benefit of documents he says he has requested but has yet to receive from the defendants:  "all the call logs and all the paperwork from the lower court," including "all of the motions, hearings, judgments, tapes[,] videos, warrants, and trials."

The defendants have objected to producing these materials on the grounds that B.K. did not request them sufficiently in advance of the discovery deadline to give them the required 30 days to respond, see Fed. R. Civ. P. 34(b)(2)(A), and that the request is vague and overbroad (though the defendants have agreed to produce certain "call logs").  Whatever the merit of these objections, the requested materials--which, as described by B.K., relate to the state-court abuse and neglect proceedings against him and his wife in the state courts--are irrelevant to the proceedings in this court.  This is not, as B.K. seems to believe, an appeal from the decision of a "lower court" on those

issues.[1]  In fact, so far as this court can tell, this case has nothing to do with the correctness, or even the fairness, of the state court's decisions that led to the temporary removal of B.K.'s children from his home.  Instead, as noted at the outset, the claims in this case are that the defendants violated the plaintiffs' First Amendment rights <u>after</u> the children were removed from B.K.'s home by placing them with foster families who subjected them to practices abhorrent to their Hindu faith.  The records of the state-court abuse and neglect proceedings are simply irrelevant to that claim and, for that reason alone, are not the proper subject of discovery in this action.  See Fed. R. Civ. P. 26(b)(1).

It follows that B.K. is not entitled to an order compelling the defendants to produce those records, nor an order extending the discovery cutoff so that he has the opportunity to use those records in formulating questions to ask the defendants in interrogatories or depositions.  While B.K.'s motions also make reference to his recent health problems, he does not claim that those problems prevented him from seeking discovery in this case

---

[1] It should be noted that, as provided by New Hampshire law, the decision of the Family Court that B.K. had abused and neglected his children, and that his wife had neglected them, was reviewed by the Superior Court, which reversed the neglect finding as to both parents, but upheld the abuse finding as to B.K.  B.K. then appealed that decision to the New Hampshire Supreme Court, which affirmed the finding of abuse against him.

in a timely manner.² Accordingly, he has failed to demonstrate the "good cause" necessary to extend the discovery deadline. See Fed. R. Civ. P. 16(b)(4).

Finally, this court has no authority to order the FBI to commence an investigation. Because "[t]he decision of whom to investigate and prosecute is one made by the Justice Department, not the judiciary," any "court order to the FBI to investigate . . . would be a clear violation of separation of powers." Rodosh v. Jones, 161 F.3d 14 (9th Cir. 1998) (table), 1998 WL 536989.

B.K.'s motions (document nos. 76-77) are therefore DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 1, 2012

cc: B.K., pro se
    Nancy Sue Tierney, Esq.
    James Spencer Culp, Esq.
    Jeanne P. Herrick, Esq.
    Nancy J. Smith, Esq.

---

²Based on his health problems, B.K. seeks to change the time of the final pretrial conference in this matter, scheduled for September 21, 2012, from 9 a.m. to 1 p.m. If B.K.'s health problems continue into September, he can simply notify the court on or before September 10, 2012, and the time of the conference will be rescheduled to a later hour that accommodates all parties and their counsel.

4