```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

B.K. *et al.*

    v.                                   Civil No. 09-cv-94-JL

Nicholas Toumpas *et al.*


**SUMMARY ORDER**

    There are several motions pending in this matter, in which the plaintiffs--"BK, "SK," and two of their minor children--claim their First Amendment rights were violated when the children, who like their parents are practicing Hindi, were temporarily placed with foster families who served them beef and took them to Christian religious services.

    Attorney Nancy S. Tierney, who represents SK, has filed a motion to withdraw from the representation.  Tierney says that representing SK has become unreasonably difficult due to the interference of her husband, BK.  Tierney had previously represented BK as well, but was granted leave to withdraw from that representation when she determined that SK's seeking legal separation from BK, which occurred several months after this action was filed, created a potential conflict of interest. Tierney now says it has recently become clear that, as relates to this litigation, "SK is under continued pressure to change her decisions and abide by the decisions of BK although those

decisions are not in her best interests and regardless of whether she agrees with her directives."

Neither SK nor the defendants have filed any response to Tierney's motion to withdraw.  BK, however, has registered his objection to her withdrawal in a motion seeking other relief (described <u>infra</u>) and his statements serve to corroborate Tierney's account of her predicament.  Among other things,[1] BK states that Tierney "is trying to tell the court that she knows her client SK more than me who has been married to her for 21 years.  How could [Tierney] know what SK is thinking?"

Accordingly, the court will grant Tierney leave to withdraw from her representation of SK, both in her individual capacity and in her capacity as the guardian of certain of her minor children who are also named as plaintiffs here.  <u>See</u> L.R. 83.6(d).  In light of the current posture of the case, however, Tierney cannot be granted leave to withdraw immediately.

The defendants have recently moved for summary judgment in their favor on all of the plaintiffs' remaining claims.  The plaintiffs' present deadline to respond to that motion is July

---

[1] BK also states, inaccurately, that "[m]ost of the charges [i.e., the plaintiffs' claims for relief in this case] were dismissed in front of [Tierney] without any objection."  While certain of the plaintiffs' claims against certain of the defendants were dismissed in this court's rulings on the defendants' motions to dismiss and, later, for judgment on the pleadings, Tierney filed objections to both of those motions on behalf of the plaintiffs.

2

10, 2012, which reflects the extension given when the court partially allowed SK's motion to continue.  Order of June 11, 2012.  SK has since filed a motion to reconsider that order to extend the deadline to August 1, 2012.  Based on the circumstances related (for the first time) in that filing, the court grants the motion to reconsider in part, and extends the deadline for the plaintiffs to respond to the defendants' summary judgment motion to **July 17, 2012.**  The defendants shall file their reply, if any, by **July 31, 2012.**  No surreply shall be permitted.

   Tierney is therefore granted leave to withdraw from the case upon the filing of SK's response to the summary motion.  SK is strongly advised to begin efforts to find replacement counsel immediately, in the event the motion for summary judgment is denied and the case proceeds to trial.

   Finally, BK, who has been proceeding pro se since Tierney withdrew from representing him, has filed a motion seeking a "trial from the beginning of the case in a court outside of New Hampshire and Vermont."  The stated basis for this relief is, essentially, that the plaintiffs "have raised a voice against racism, favoritism, and corruption in the State of New Hampshire's court system," so BK "strongly believes that [the plaintiffs] are not going to get justice in the State of New Hampshire."  As this court explained to BK in one of its previous

orders, however, this litigation has little if anything to do with the proceedings in the New Hampshire state courts that led to BK's and SK's temporary loss of custody over their children. The only claims ever raised in this court were (and are) that, <u>after</u> the children were removed from their parents' custody, they were placed with foster families who subjected them to practices abhorrent to the plaintiffs' faith. In any event, BK has stated no legally cognizable basis for transferring this case, which he and the other plaintiffs filed here, to another jurisdiction.

As set forth above, Tierney's motion to withdraw (document no. 80) is GRANTED in part and DENIED in part, SK's motion for reconsideration (document no. 87) is GRANTED in part and DENIED in part, and BK's motion for transfer (document no. 90) is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 22, 2012

cc: B.K., pro se
 Nancy Sue Tierney, Esq.
 James Spencer Culp, Esq.
 Jeanne P. Herrick, Esq.
 Nancy J. Smith, Esq.